THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| Plaintiff, | Civil Action No. |
| *v.* | |
| FULTON COUNTY and FULTON COUNTY SHERIFF PATRICK LABAT in his official capacity | |
| Defendants. | |

## **COMPLAINT**

The United States of America, plaintiff herein, alleges:

1. The United States files this Complaint pursuant to the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997 (CRIPA), Title II of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12131–12134 (ADA), and the Violent Crime Control and Law Enforcement Act of 1994, 34 U.S.C. § 12601 (Section 12601) to enjoin Defendants, Fulton County and Fulton County Sheriff Patrick Labat, from depriving incarcerated persons at the Fulton County Jail (the Jail) of rights, privileges, or immunities secured and protected by the Constitution of the United States, and rights protected by

the ADA and the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400–1482 (IDEA).

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345.

3.  The United States is authorized to initiate this action pursuant to 42 U.S.C. § 1997a(a), 34 U.S.C. § 12601(b), and the ADA (42 U.S.C. § 12133; 28 C.F.R. §§ 35.170-174, 190(e)).

4.  The Attorney General has certified that all pre-filing requirements specified in 42 U.S.C. § 1997b have been met. The Certificate of the Attorney General is appended to this Complaint and is incorporated herein.

5.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this action occurred in the Northern District of Georgia.

6.  All conditions precedent to the filing of this Complaint have been satisfied. Fed. R. Civ. P. 9(c).

## PARTIES

7. Plaintiff is the UNITED STATES OF AMERICA.

8. Defendant FULTON COUNTY is a political subdivision of the State of Georgia governed by the Fulton County Board of Commissioners, which owns the Jail and funds the operations of the Jail.

9. Defendant FULTON COUNTY SHERIFF PATRICK LABAT is named in his official capacity as the official responsible for leading the Fulton County Sheriff's Office and operating the Jail, which consists of the Main Jail, the Alpharetta or North Annex, the Marietta Annex, and the South Annex.

## FACTUAL ALLEGATIONS

10. The Jail houses approximately 2000 individuals, including unindicted and pre-trial detainees and a small number of people serving criminal sentences (collectively, "incarcerated persons"). The incarcerated population includes boys and girls who are 17.

3

11. The Jail is an "institution" as defined by CRIPA, 42 U.S.C. § 1997(1), and is responsible for the safety, care, custody, and control of incarcerated persons at the Jail. *See* 42 U.S.C. § 1997a.

12. The Jail is a public entity within the meaning of 42 U.S.C. § 12131(1) and 28 C.F.R. § 35.104, and is therefore subject to Title II of the ADA, 42 U.S.C. §§ 12131–12134, and its implementing regulations, 28 C.F.R. Part 35.

13. Defendants are "governmental agenc[ies] with responsibility for . . . the incarceration of juveniles" under 34 U.S.C. § 12601(a).

14. On July 13, 2023, the United States notified Defendants that it was opening an investigation, pursuant to CRIPA and Title II of the ADA, into conditions in the Jail to determine whether Jail officials engaged in a pattern or practice of violating constitutional and federal statutory rights of incarcerated people.

15. On April 18, 2024, the United States notified Defendants that it expanded the scope of its investigation pursuant to CRIPA and also Section 12601.

16. The United States' investigation included on-site inspections with expert consultants, staff interviews, interviews of incarcerated persons, and extensive review of documents such as policies, procedures, forms, incident reports,

4

grievances, administrative audit reports, medical records, and training records.

17. On November 14, 2024, the United States issued its Findings Report to the Defendants.

18. The constitutional and statutory violations outlined in the Findings Report are described in Paragraphs 19 through 43.

19. The Findings Report provided notice to Defendants of the following unconstitutional and unlawful conditions in the Jail:

    a. Defendants have failed to take adequate measures to protect individuals in their custody from a substantial risk of serious harm from violence;

    b. There is a pattern or practice of excessive use of force by correctional officers in the Jail;

    c. Living conditions in the Jail do not meet basic constitutional standards;

    d. Defendants provide constitutionally inadequate medical and mental health care to people incarcerated in the Jail;

e.  Defendants have a pattern or practice of prolonged and inappropriate use of restrictive housing, including for incarcerated persons with serious mental illness and 17-year-olds;

f.  Restrictive housing practices at the Jail discriminate against people with mental health disabilities;

g.  Incarcerated people do not receive adequate due process protections before being punished with restrictive housing for rule violations; and

h.  Defendants have failed to provide special education services to 17-year-old incarcerated boys and girls in their custody who are entitled to such services.

20. Defendants engage in a pattern or practice of failing to protect incarcerated persons, including those with mental health needs and other vulnerable populations, from harm, including serious injury and death, at the hands of other incarcerated persons.

21. To date, Defendants have not taken corrective actions sufficient to remedy the longstanding deficiencies identified in the Findings Report.

6

22. Defendants fail to properly supervise incarcerated persons and fail to effectively control the introduction, manufacture, and use of weapons within the Jail.

23. Defendants fail to adequately maintain the Jail, which contributes to the creation and distribution of dangerous weapons within the Jail.

24. Defendants discourage victims from reporting incidents of sexual violence and fail to protect incarcerated people from sexual abuse through their failure to establish an effective grievance system and failure to adequately investigate or respond to sexual abuse allegations.

25. Defendants fail to implement effective classification and housing policies, resulting in violence caused by commingling incarcerated persons who should be kept separate.

26. There is a pattern or practice of excessive force by correctional officers against incarcerated persons at the Jail.

27. Defendants' systemic deficiencies regarding the use of force against incarcerated people include the following:

a.  Use of force when unnecessary and to a greater degree than necessary;

b.  Failure to attempt to de-escalate potential force incidents;

c.  Excessive and unsafe use of the Taser;

d.  Failure to implement and enforce constitutionally adequate policies, procedures, and practices regarding use of force;

e.  Deficient use-of-force training; and

f.  Failure to adequately investigate force incidents and appropriately discipline correctional officers who engage in misconduct, and failure to implement meaningful accountability measures whenever uses of force occur in the Jail.

These deficiencies cause serious harm and a substantial risk of serious harm.

28. Defendants engage in a pattern or practice of failing to provide safe and sanitary conditions for incarcerated persons in the Jail.

29. Defendants' systemwide policies, procedures, and practices related to facility maintenance, safety measures, personal hygiene, pest and parasite control, and

sanitation are not sufficient to provide healthy, safe, or sanitary conditions at the Jail.

30. Understaffing at the Jail, coupled with the lack of lighting and visibility in housing units and defective locks, allows incarcerated persons to leave secure areas, obtain contraband, and improperly associate with or assault other incarcerated persons.

31. Meals served to incarcerated persons are unsanitary and do not meet nutritional standards, causing malnourishment among the incarcerated population.

32. Exposure to these poor living conditions poses a substantial risk to the safety and health of incarcerated persons.

33. Defendants fail to provide constitutionally adequate medical and mental health care to individuals incarcerated in the Jail.

34. Poor medical and mental health care at the Jail includes frequent delays in treatment, poor continuity of care, inadequate chronic care, inadequate emergency care, a lack of effective treatment, insufficient discharge planning, and minimal access to higher levels of care.

9

35. Defendants lack constitutionally adequate measures to prevent incarcerated persons from the risk of suicide.

36. Unsafe conditions and a lack of available correctional officers impede incarcerated persons' access to adequate medical and mental health care.

37. This lack of access to adequate care causes gaps in treatment that lead to serious harm and a substantial risk of serious harm.

38. Defendants' use of prolonged restrictive housing under current conditions, without consideration of mental health needs and without adequate monitoring for decompensation, violates the constitutional rights of incarcerated persons and causes a substantial risk of serious harm.

39. Defendants' practice of punishing incarcerated persons with mental health disabilities by confining them in restrictive housing for actions attributable to their mental health disabilities, without adequate consideration of their mental health or alternative placements, and denying them the benefits of the Jail's services, programs, and activities when they would otherwise be qualified to access these benefits in nonrestrictive housing, discriminates against people with mental health disabilities in violation of the ADA.

10

40. Defendants also impose restrictive housing as a disciplinary sanction without due process by punishing pretrial detainees without providing a meaningful opportunity for a hearing, including an opportunity to be heard and present evidence, and without a written explanation for the finding of guilt.

41. Defendants' use of restrictive housing for 17-year-old boys and girls who are in custody exposes those incarcerated persons to a substantial risk of serious harm.

42. Defendants violate the statutory rights of the 17-year-old boys and girls in the Jail by failing to provide special education services to those entitled to them.

43. The facts alleged in paragraphs 19 through 42 have been obvious and known to Defendants for a substantial period of time, yet Defendants have been deliberately indifferent to the health and safety of incarcerated persons by failing to adequately address the conditions described.

## COUNT I - PATTERN OR PRACTICE OF DEPRIVING INCARCERATED PERSONS OF CONSTITUTIONAL RIGHTS

44. The allegations of paragraphs 19 through 43 are hereby realleged and incorporated by reference.

11

45. Through the acts and omissions alleged in paragraphs 19 through 43, Defendants have violated the rights, privileges, and immunities of persons confined in the Jail secured or protected by the Eighth and Fourteenth Amendments to the Constitution of the United States.

46. Through the acts and omissions alleged in paragraphs 19 through 43, Defendants have engaged in a pattern or practice of conduct that deprives persons confined in the Jail of rights, privileges, or immunities secured or protected by the Eighth and Fourteenth Amendments to the Constitution.

47. Unless restrained by this Court, Defendants will continue to engage in the acts and omissions set forth in paragraphs 19 through 43, that deprive persons confined in the Jail of rights, privileges or immunities secured or protected by the Constitution of the United States.

## COUNT II – AMERICANS WITH DISABILITIES ACT

48. The allegations of paragraphs 19 through 43 are hereby realleged and incorporated by reference.

49. The United States received a complaint regarding the Defendants' discrimination against people with disabilities.

12

50. The United States has determined that all statutory and regulatory requirements have been satisfied and that Defendants' compliance cannot be secured by voluntary means.

51. Through the acts and omissions alleged in paragraphs 19 through 43, Defendants have discriminated against incarcerated persons with mental health disabilities by denying them access to services, programs, and activities, because of their disabilities, in violation of the ADA.

52. Unless restrained by this Court, Defendant will continue to engage in the acts and omissions, set forth in paragraphs 19 through 43, that discriminate against incarcerated persons with mental health disabilities in violation of the ADA.

**COUNT III – PATTERN OR PRACTICE OF CONDUCT THAT DEPRIVES INDIVIDUALS OF RIGHTS, PRIVILEGES, AND IMMUNITIES SECURED BY THE IDEA IN VIOLATION OF 34 U.S.C. § 12601**

53. The allegations of paragraphs 19 through 43 are hereby realleged and incorporated by reference.

54. Through the acts and omissions alleged in paragraphs 19 through 43, Defendants have violated the rights of 17-year-old boys and girls with disabilities in violation of 34 U.S.C. § 12601 and the IDEA.

55. Through the acts and omissions alleged in paragraphs 19 through 43, Defendants have engaged and continue to engage in a pattern or practice of conduct that deprives persons of rights, privileges, or immunities secured or protected by the IDEA in violation of 34 U.S.C. § 12601.

56. Unless restrained by this Court, Defendants will continue to engage in the acts and omissions set forth in paragraphs 19 through 43, that violate the rights of 17-year-old boys and girls with disabilities in violation of 34 U.S.C. § 12601 and the IDEA.

## PRAYER FOR RELIEF

57. The Attorney General is authorized under 42 U.S.C. § 1997a, 42 U.S.C. § 12133, and 34 U.S.C. § 12601(b) to seek appropriate equitable relief.

58. WHEREFORE, the United States prays that this Court enter an order:

   a. declaring that the acts, omissions, and practices of Defendants set forth in paragraphs 19 through 43 above constitute a pattern or practice of conduct that deprives incarcerated persons confined in the Jail of rights, privileges, or immunities secured or protected by the Constitution of

14

the United States and that those acts, omissions, and practices violate the Constitution of the United States;

b. declaring that the acts, omissions, and practices of Defendants set forth in paragraphs 19 through 43 above discriminate against incarcerated persons with mental health disabilities in violation of the ADA;

c. declaring that the acts, omissions, and practices of Defendants set forth in paragraphs 19 through 43 above violate the rights of 17-year-old children with disabilities under 34 U.S.C. § 12601 and the IDEA, 20 U.S.C. §§ 1400–1482;

d. enjoining Defendants, their officers, agents, employees, subordinates, successors in office, and all those acting in concert or participation with them from continuing the acts, omissions, and practices set forth in paragraphs 19 through 43 above and requiring Defendants to take such actions as will ensure lawful conditions of confinement are afforded to incarcerated persons at the Jail; and

e. granting such other and further equitable relief as it may deem just and proper.

Dated: January 2, 2025

Respectfully submitted,

MERRICK B. GARLAND
Attorney General of the United States

RYAN K. BUCHANAN
United States Attorney
Northern District of Georgia

/s/ Aileen Bell-Hughes
AILEEN BELL-HUGHES
GA Bar No. 375505
Deputy Chief, Public Integrity & Civil
Rights Section
Assistant United States Attorney
U.S. Attorney's Office
600 United States Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303
Tel: (404) 581-6000
Fax: (404) 581-4667
Email: aileen.bell.hughes@usdoj.gov

/s/ Rahul Garabadu
RAHUL GARABADU
GA Bar No. 553777
Assistant United States Attorney
U.S. Attorney's Office
600 United States Courthouse
75 Ted Turner Drive, SW
Atlanta, GA  30303
Tel: (404) 581-6301
Email: rahul.garabadu@usdoj.gov

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

REGAN RUSH
Chief, Special Litigation Section

/s/ Maura M. Klugman
MAURA M. KLUGMAN
DC Bar No. 1500461
Deputy Chief, Special Litigation Section
United States Department of Justice
Civil Rights Division
950 Pennsylvania Avenue NW—4CON
Washington, DC 20530
Tel: 202-598-5703
Email: maura.klugman@usdoj.gov

/s/ Maggie Filler
MAGGIE FILLER
CA Bar No. 287836
Trial Attorney, Special Litigation Section
United States Department of Justice
Civil Rights Division
950 Pennsylvania Avenue NW—4CON
Washington, DC 20530
Tel: 202-598-0957
Email: maggie.filler@usdoj.gov

17

/s/ *Rebeca Ojeda*

REBECA OJEDA
GA Bar No. 713997
Assistant United States Attorney
U.S. Attorney's Office
600 United States Courthouse
75 Ted Turner Drive, SW
Atlanta, GA  30303
Tel: (404) 581-6046
Email: rebeca.ojeda@usdoj.gov

/s/ *Beth Kurtz*

BETH KURTZ
DC Bar No. 1022970
Trial Attorney, Special Litigation Section
United States Department of Justice
Civil Rights Division
950 Pennsylvania Avenue NW—4CON
Washington, DC 20530
Tel: 202-598-9616
Email: beth.kurtz@usdoj.gov

/s/ *Matthew Nickell*

MATTHEW NICKELL
CA Bar No. 304828
Trial Attorney, Special Litigation Section
United States Department of Justice
Civil Rights Division
950 Pennsylvania Avenue NW—4CON
Washington, DC 20530
Tel: 202-598-0465
Email: matthew.nickell2@usdoj.gov

*Attorneys for the United States of America*

## CERTIFICATE OF THE ATTORNEY GENERAL

I, Merrick B. Garland, Attorney General of the United States, certify that with regard to the foregoing Complaint, *United States of America v. Fulton County and Sheriff Patrick Labat*, the United States Department of Justice has complied with all subsections of 42 U.S.C. § 1997b(a)(1) and (a)(2). I further certify, pursuant to 42 U.S.C. § 1997b(a)(3), my belief that this action by the United States is of general public importance and will materially further the vindication of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

In addition, I certify that I have the "reasonable cause to believe" set forth in 42 U.S.C. § 1997a to initiate this action and that all prerequisites to the initiation of this suit under 42 U.S.C. §§ 1997a and 1997b have been met.

Pursuant to 42 U.S.C. § 1997a(c), I have personally signed the foregoing Complaint. Pursuant to 42 U.S.C. § 1997b(b), I am personally signing this Certificate.

Signed this 2nd day of January, 2025, at Washington, D.C.

MERRICK B. GARLAND
Attorney General of the United States

19

**Certificate of Compliance**

I hereby certify, pursuant to Local Rules 5.1 and 7.1D, that the foregoing complaint

has been prepared using Times New Roman 14 font.

*/s/ Rebeca M. Ojeda*
REBECA M. OJEDA
Assistant United States Attorney
